**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------- x

MARCIA ESPINOSA-OLIVA,                            ::
                                                   :
                                                   :   Civil Action No.:_____
Plaintiff,                                         :
vs.                                                :   **NOTICE OF REMOVAL**
                                                   :
BOREALIS PHILANTHROPY,                             :   Removed from:
                                                   :
Defendant.                                         :   Supreme Court of the State of New York,
                                                   :   Sullivan County, Index No.: E2025-2729
                                                   :


------------------------------------------------- x

**TO:    CHIEF JUDGE AND JUDGES OF**
**       THE UNITED STATES DISTRICT COURT**
**       FOR THE SOUTHERN DISTRICT OF NEW YORK**

**ON NOTICE TO:**

Bridget Butler, Esq.
Law Office of Bridget Butler, Esq.
11 Broadway, Suite 615
New York, New York 10004
*Attorneys for Plaintiff*

Hon. Tara Hirsch, Clerk
Clerk of the Supreme Court, Sullivan County
Sullivan County Courthouse
414 Broadway
Monticello, NY 12701

**HONORABLE JUDGES:**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant BOREALIS PHILATHROPY

(hereinafter "Defendant"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak &

Stewart, P.C., files this Notice of Removal with respect to the case captioned *Marcia Espinosa-*

*Oliva v. Borealis Philanthropy*, Index No. E2025-2729 ("State Court Action"), pending in the

Supreme Court of the State of New York, County of Sullivan. In support of this Notice of Removal, Defendants state as follows:

## THE STATE COURT ACTION

1.      On December 30, 2025, Plaintiff Marcia Espinosa-Oliva (hereinafter "Plaintiff") filed a Summons and Complaint in the Supreme Court of the State of New York, County of Sullivan. Plaintiff alleges, *inter alia*, claims of disability discrimination and unlawful retaliation in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"). A copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2.      Defendant has not yet responded to the Complaint in the State Court Action and reserves any and all defenses. To the extent the Complaint is not dismissed in whole or in part by the Court following a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure based on insufficient pleadings, standing, timeliness, or any other grounds, Defendant intends to deny the allegations in the Complaint and will demonstrate over the course of this action that Plaintiff's claims are meritless because, among other reasons, (a) Defendant is committed to maintaining a workplace that is free from all forms of unlawful discrimination and to addressing all requests for reasonable accommodations in a timely and responsive manner; and (b) Defendant is dedicated to fair employment practices and their efforts to create an inclusive workplace.

## TIMELINESS OF REMOVAL

3.      On February 5, 2026, Plaintiff served Defendant with the Summons and Complaint via personal delivery on Defendant corporation's expressly authorized agent at the Minnesota Office of the Secretary of State. A copy of the Affidavit of Service filed in the state court action by Plaintiff is attached hereto as **Exhibit B**.

4.      However, Defendant only became aware of the State Court Action on February 18, 2026, upon receiving an email from Plaintiff's Counsel advising that a Complaint was filed in Supreme Court of the State of New York and would be served pursuant to NY BCL 307.  The email did not inform Defendant that the Complaint had been served on the Minnesota Office of the Secretary of State already.  *See* February 18, 2026 email from Bridget E. Butler, Esq. to Amy Dinofrio at **Exhibit C**.

5.      Further, Defendant only discovered that Plaintiff had served Defendant's authorized agent at the Minnesota Office of the Secretary of State when Defendant retained Counsel, and Counsel reviewed the e-docket to determine the status of the case on March 9, 2024, and saw that an Affidavit of Service had been filed.

6.      Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal shall be filed within thirty (30) days of Defendant's first receipt of Plaintiff's initial pleading and notice of Plaintiff's State Court Action pending in state court, which was February 18, 2026. *See Gates Constr. Corp. v. Koschak*, 792 F. Supp. 334, 336 (S.D.N.Y. 1992) (The 30-day clock for timely removal begins when the defendant, as opposed to its statutory agent, receives the initial pleading); *Cygielman v. Cunard Line Ltd*, 890 F. Supp. 305, 307 (S.D.N.Y. 1995) (When the plaintiff has served a statutory agent, the 30-day removal clock "runs from receipt of the pleading by the defendant rather than the statutory agent.")

7.      Based upon the date of February 18, 2026 (which is the date Defendant first received the Complaint and became aware of the action by Plaintiff), Defendant's deadline to file this Notice of Removal is March 20, 2026.

- 3 -

8.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because such notice is filed within thirty (30) days after Defendant's first notice of Plaintiff's State Court Action pending in the Supreme Court of the State of New York, County of Sullivan.

## BASIS FOR REMOVAL: DIVERSITY OF CITIZENSHIP

9.      To remove a case to federal court, a defendant need only file a notice of removal "containing a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014); 28 U.S.C. § 1446(a).

10.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because it is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

**A.      The Parties are Citizens of Different States.**

11.     "A person's citizenship for purposes of diversity is based upon his domicile." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011).  Plaintiff is, and at the time this action was commenced was, a citizen of the State of New York residing in Sullivan County, as alleged by Plaintiff in her Complaint. See **Exhibit A**.

12.     "For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business."  *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).  Defendant is, and at the time this action was commenced was, a nonprofit corporation organized and existing under the laws of the State of Minnesota with its principal place of business located in Minneapolis, Minnesota.  A copy of the entity information for Defendant from the electronic database of the Office of the Minnesota Secretary of State is attached hereto as **Exhibit D**.

- 4 -

13.    Accordingly, there is complete diversity: Plaintiff is a citizen of New York, and Defendant is a citizen of Minnesota.

**B.    The Amount in Controversy Requirement is Satisfied.**

14.    Here, Plaintiff seeks to recover an unspecified amount of damages.

15.    Defendant only needs to show that it appears to a reasonable probability that the amount in controversy exceeds the jurisdictional minimum of $75,000. *See Winklevoss Capital Fund, LLC v. Shrem,* 351 F. Supp. 3d 710, 715 (S.D.N.Y. 2019) (citing *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)).

16.    Defendant denies any and all liability in this action.  For the purposes of removal, however, there a reasonable probability that the damages claims of Plaintiff exceed the $75,000 amount-in-controversy requirement.

17.    The Complaint seeks, among other relief, (a) "An award of damages…in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or economic damages, including but not limited to, loss of past and future incomes, wages, compensation, seniority, and other benefits of employment"; (b) "An award of damages…in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or compensatory damages, including but not limited to, compensation for Plaintiff's mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress"; (c) "An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff, including, but not limited to, loss of income, earned bonus pay, reputational harm, and harm to professional reputation, in an amount to be determined at trial, plus interest"; (d) "An award of punitive damages…"; (e) "Prejudgment interest on all amounts due"; and (f) An award of costs that Plaintiff has incurred…" (**Exhibit A, Complaint at p. 10.**)

18.     Given the extensive damages and interest sought by Plaintiff, including, but not limited to, front and back pay, and punitive damages, it is clear that there is "a reasonable probability" that the amount in controversy exceeds $75,000 and, thus, the amount in controversy requirement is satisfied. *See Hager v. Steele*, No. 20 CIV. 4482, 2020 WL 4345735, at *2 (S.D.N.Y. July 29, 2020). ("Defendants have proven by a preponderance of the evidence a reasonable probability that the amount in controversy at the time the action was removed was greater than the jurisdictional minimum of $75,000 based on the back pay and front pay that Plaintiff seeks as damages."); *Hayes v. Equitable Energy Resources Co.,* 266 F.3d 560, 573 (6th Cir. 2001) (When determining the amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered.); *Major v. Diageo N. Am., Inc.*, No. 22-CV-3027, 2022 WL 2003490, at *2 (S.D.N.Y. June 6, 2022) (Courts also consider claims for emotional distress damages when determining the amount in controversy.).

19.     In sum, while Defendants dispute any alleged liability and damages, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), because the parties are citizens of different states and the amount in controversy exceeds $75,000.

## VENUE

20.     The Supreme Court of New York, County of Sullivan, is located within the Southern District of New York. *See* 28 U.S.C. § 112(b).

21.     Therefore, venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**CONSENT**

22.     Under 28 U.S.C. § 1446(b)(2)(A), all defendants properly joined and served in the state court action must join in or consent to the removal.  The only legal entity that is a defendant in this action is Borealis Philanthropy, which consents to the removal of this action.

**CONCLUSION**

23.     To date, Defendant has not filed a responsive pleading in Plaintiff's State Court Action, and no other proceedings have transpired in that action.

24.     This action is properly removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

25.     Defendant is a citizen of a state other than New York. As such, there is complete diversity of citizenship.

26.     The amount in controversy exceeds $75,000.

27.     Defendant has not previously sought similar relief.

28.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through their counsel of record, and is being filed with the Clerk of the Supreme Court of the State of New York, County of Sullivan.

**RESERVATION OF RIGHTS**

29.     By filing this Notice of Removal, Defendant does not admit the validity or merit of any of the claims or allegations in the Complaint.  Defendant denies any and all liability with respect to Plaintiff's claims and denies that Plaintiff is entitled to any of the damages sought. Further, Defendant does not waive, and expressly reserves, any and all rights, claims, remedies, and defenses in connection with this action.

30.     If any questions arise concerning the propriety of this removal, Defendant requests that it be allowed to file a brief supporting removal and be heard in oral argument.

- 8 -

**WHEREFORE**, Defendant Borealis Philanthropy respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Supreme Court of the State of New York, County of Sullivan, to this Court.

Dated:  March 13, 2026
       Morristown, New Jersey

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

By: */s/ Leslie A. Lajewski*     
    Leslie A. Lajewski
*Attorneys for Defendant*
*Borealis Philanthropy*
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Phone: (973) 630-232
leslie.lajewski@ogletree.com

## <u>CERTIFICATE OF SERVICE</u>

I, Leslie A. Lajewski, hereby certify that on March 13, 2026, I caused the within Notice of

Removal with Exhibits to be submitted electronically to the Clerk of the Court for the United States

District Court for the Southern District of New York, and a copy of the same to be served via email

and overnight delivery, postage prepaid, upon:

> Bridget Butler, Esq.
> Law Office of Bridget Butler, Esq.
> 11 Broadway, Suite 615
> New York, New York 10004
> *Attorneys for Plaintiff*

> <u>/s/ Leslie A. Lajewski</u>
> Leslie A. Lajewski